IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BBC STUDIOS DISTRIBUTION LTD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHAMPRINT BAGS STORE, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-15274<br><br>**Judge Robert W. Gettleman**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

### CONSENT JUDGMENT

　　　　This action having been commenced by Plaintiff BBC Studio Distribution Ltd ("Plaintiff" or "Bluey") against Defendant Brookhaus (Def. No. 96) ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

　　　　THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that target United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products bearing unauthorized copies of the Bluey Copyrighted Work (U.S. Copyright Registration No. PA 2-308-864) and/or used infringing and counterfeit versions of the BLUEY Trademarks (collectively, the "Unauthorized Bluey Products") to residents of Illinois. A non-exclusive list of the BLUEY Trademarks is included in the below chart.

| Registration Number | Trademark |
|---|---|
| 6,442,598; 7,087,215 | BLUEY (stylized logo) |
| 6,662,122 | BLUEY |
| 6,662,123 | (image of Bluey character) |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C §§ 106 and 501, *et seq*.).

IT IS HEREBY ORDERED that:

1. Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the BLUEY Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Bluey product or not authorized by Plaintiff to be sold in connection with the BLUEY Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Bluey Copyrighted Work in any manner without the express authorization of

2

       Plaintiff;

  c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Bluey product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the BLUEY Trademarks and/or the Bluey Copyrighted Work;

  d. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized Bluey Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  e. further infringing the BLUEY Trademarks and/or the Bluey Copyrighted Work and damaging Plaintiff's goodwill; and

  f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the BLUEY Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Bluey Copyrighted Work.

2. Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff $4,400 (four thousand four hundred dollars) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of the Damages Amount to Plaintiff pursuant to paragraph 2, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial accounts pursuant to the Temporary Restraining Order [20].

5.  This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6.  Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: December 21, 2023

Robert W. Gettleman
United States District Judge